UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                            DECISION AND ORDER

                                                                            05-CR-6124L

                                v.

VICTOR DEPONCEAU,

                                Defendant.
_____

The Court referred all pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Among other matters, the defendant, Victor Deponceau ("Deponceau"), moved suppress statements intercepted at the Monroe County Jail, on August 13, 2005, pursuant to an eavesdropping warrant authorized by a New York State Judge. He also moved to suppress statements that he allegedly made a few days later when local law enforcement officials searched his business at 2153 Clifford Avenue. Deponceau also claims that since the search warrant was based on part on conversations at the jail that were improperly obtained, they should not be the basis for the search warrant and, therefore, the items seized pursuant to the warrant, specifically a box of ammunition, should also be suppressed.

Magistrate Judge Payson conducted a suppression hearing concerning the statements and, at the conclusion, issued a thorough Report and Recommendation (Dkt. #83). Magistrate Judge Payson

recommended granting Deponceau's motion in part and denying it in part. Specifically, Magistrate Judge Payson recommended that the Court suppress the communications intercepted surreptitiously at the jail on August 13, 2005. On the other hand, she recommended that the motion to suppress statements Deponceau made to the police at the time his business was searched be denied and that the motion to suppress the physical evidence obtained pursuant to the search also be denied.

Both the Government and Deponceau duly filed objections to Magistrate Judge Payson's Report and Recommendation. I have reviewed the Report and Recommendation and the Objections (Dkt. #85, #85), as well as the transcripts of the suppression hearings (Dkt. #73 and #75), and I believe that the Magistrate Judge's Report and Recommendation is sound and, accordingly, adopt it.

DEFENDANT'S STATEMENT AT 2153 CLIFFORD AVENUE

I agree with Magistrate Judge Payson that there is no basis to suppress this statement. I believe the evidence demonstrates that the statement was spontaneous; it was not made at the result of any custodial interrogation. Although Deponceau denies making the statement at issue, that issue of fact could be presented to the jury if this case does proceed to trial. Concerning the legal issue as to whether the statements should be suppressed, I find no basis to do so.

SUPPRESSION OF CONVERSATIONS INTERCEPTED AT THE MONROE COUNTY JAIL

I agree with Magistrate Judge Payson's conclusions as to whether the eavesdropping warrant authorized interception of Deponceau's conversations and that Deponceau did have a reasonable expectation of privacy under the circumstances of the case.

I believe Magistrate Judge Payson carefully analyzed the law concerning the scope of eavesdropping warrants, and I agree with her conclusion that the warrant authorized seizure of conversations of two individuals and those others, unknown, who may have participated in those conversations. I agree with Magistrate Judge Payson that the warrant did not authorize interception of anyone else who happened to wander into the visitor's booth where the intercepting devices were installed.

Concerning the expectation of privacy, that is a somewhat closer call. There are certainly cases where, based on posted signs in jail locations and other facts, it may not always be reasonable to have an expectation of privacy at such facilities. Here, though, based on the facts as accurately described by Magistrate Judge Payson, it appears that Deponceau's expectation was certainly not unreasonable. There is no evidence that the conversations at issue were made in a circumstance where many others could have overheard them. Rather, the nature of the proof itself suggests some intimacy and privacy.

FRUITS OF THE SEARCH WARRANT

Magistrate Judge Payson sets forth in some detail the facts set forth in the affidavit for the search warrant for 2153 Clifford Avenue, and I agree with her assessment that the bulk of the

information submitted to the issuing judicial officer was based on evidence that had not been tainted by the information obtained improperly from the eavesdropping warrant. As Magistrate Judge Payson notes, the law is clear that even if there is some tainted evidence utilized, it does not necessarily follow that suppression is mandated. Here, there was ample other evidence to support the warrant and, therefore no basis to suppress the physical items seized exist.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #83). I reject the objections filed by both the Government and Deponceau. Defendant Victor Deponceau's motion to suppress his conversations that were intercepted pursuant to a eavesdropping warrant at the Monroe County Jail on August 13, 2005 is granted. Defendant's motion to suppress statements made on August 24, 2005 at or near 2153 Clifford Avenue, Rochester, New York is denied as his is motion to suppress physical evidence seized during execution of a search warrant at that address.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 5, 2008.